# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KEVIN LILLARD, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-cv-01101 |
| | ) Judge Trauger |
| OFFICER JASON SWEENEY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983 and an application (Docket Entry No. 2) to proceed in forma pauperis.

The plaintiff is an inmate at the Metro Davidson County Detention Facility in Nashville. It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, the plaintiff's application is **GRANTED**. The Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b)  twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The defendant, Jason Sweeney, is an officer with the Metro Davidson County Police Department. Docket Entry No. 1 at 4. According to the complaint, as the plaintiff "was running and trying to get some help", Officer Sweeney allegedly shot and wounded him. *Id.* at 5. The plaintiff claims that the defendant "tried to kill me." *Id.*

The plaintiff brings this action against the defendant in his official capacity only. *Id.* at 4. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claim is not against Officer Sweeney. Rather, the plaintiff's claim is against the Metropolitan Government of Nashville and Davidson County, the municipal entity that operates the Metro Davidson County Police Department. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the

Metropolitan Government or its agent, the Metro Davidson County Police Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for the Metropolitan Government to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of the Metropolitan Government that led to him being shot and wounded. Consequently, the plaintiff has failed to state a claim against the defendant acting in his official capacity.

This, however, does not end our review of the complaint. *Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). The plaintiff acknowledges that "this is the first lawsuit that I'm pursuing." Docket Entry No. 1 at 3. He was clearly confused when he was asked to identify in what capacity he was suing the defendant. *Id.* at 4. Given plaintiff's lack of legal expertise and the seriousness of the claim, the Court liberally construes the complaint to include a claim against the defendant acting in his individual capacity.

The use of deadly force to prevent the escape of a felony suspect, where the suspect poses no immediate threat to the officer or to others, is constitutionally unreasonable. Tennessee v. Garner, 471 U.S. 1, 11 (1985). The circumstances of this incident are not entirely clear. Nevertheless, the plaintiff has pled enough facts to overcome a finding of frivolity at this time. Therefore, the Court

finds that the plaintiff has stated a colorable claim against the defendant acting in his individual capacity.

The Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for Officer Sweeney. The plaintiff will complete the service packet and return it to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packet, **PROCESS SHALL ISSUE** to the defendant. The plaintiff is forewarned that the failure to return the completed service packet within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is further instructed to send a copy of this order to the Warden of the Metro Davidson County Detention Facility to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so ORDERED.

ENTER this 5th day of September 2017.

_____
Aleta A. Trauger
United States District Judge